# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: September 15, 2026

| | | |
|---|---|---|
| LIESL RIES, Petitioner, | * | No. 20-1838V |
| v. | * | Special Master Young |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | |

*Maximillian J. Muller,* Muller Brazil, LLP, Dresher, PA, for Petitioner;
*Elizabeth Andary*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 11, 2020, Liesl Ries ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Pet., ECF No. 1. Petitioner alleged she suffered a shoulder injury related to vaccine administration ("SIRVA") that was either caused-in-fact or significantly aggravated by an influenza ("flu") vaccine she received on September 25, 2019. Pet., ECF No. 1. On December 19, 2025, the parties filed a joint stipulation, which I adopted as my decision awarding damages that same day. ECF No. 56.

On February 24, 2026, Petitioner filed a motion for attorneys' fees and costs. Pet'r's Mot. for AFC, ECF No. 61. Petitioner requests total attorneys' fees and costs in the amount of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$114,351.73, representing $67,414.50 in attorneys' fees and $46,937.23 in attorneys' costs. Pet'r's Mot. for AFC at 2. Additionally, counsel for petitioner represents that petitioner did not personally incur any out-of-pocket costs related to the prosecution of her petition. *Id.* at 2. Respondent responded to the motion on March 6, 2026, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 5 ECF No.62. Petitioner did not file a reply.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

I have reviewed the hourly rates requested by Petitioner for the work of her counsel at Muller Brazil, LLP (the billing records indicate that the majority of attorney work was performed by Mr. Maximillian Muller, with supporting work from paralegals). The rates requested in this matter are consistent with what counsel and support staff have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review of the submitted billing records, I find most of the time billed to be reasonable. However, a minor reduction is necessary for administrative entries consisting of preparing exhibits for filing and e-filing documents. *See* Pet'r's Mot. for AFC Ex. A at 8, 10-11, 13-14, and 17. Billing for administrative tasks even at a paralegal rate, is not permitted. "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." *Paul v. Sec'y of Health & Human Servs.*, No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *see also Rochester*, 18 Cl. Ct. at 387 (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). These tasks resulted in $1,127.60 in fees charged for administrative work. Accordingly, I find that a **$1,127.60** reduction in attorneys' fees is appropriate.

Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$66,286.90.**

### C. Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $46,937.23 in attorneys' costs. *See* Pet'r's Mot. for AFC Ex. B. These costs are comprised of acquiring medical records, postage, the Court's filing fee, and expert services provided by Naveed Natanzi, M.D., at $600.00 per hour for 75.20 hours, totaling $45,120.00. *Id.* at 30-31.

---

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Petitioner has provided adequate documentation for all claimed expenses. *Id.* at 20-34. However, the hourly rates requested by Dr. Natanzi require adjustment.

Dr. Natanzi was previously awarded the lower rates of $520.00 for work performed in 2022 and $535.00 for work performed in 2023. *Edwards v. Sec'y of Health & Hum. Servs.,* No. 20-612V, 2024 WL 1740483, at *3 (Fed. Cl. Mar. 26, 2024); *see also Ginsberg v. Sec'y of Health & Hum. Servs.,* No. 19-222V, 2025 WL 4090554, at *2 (Fed. Cl. Dec. 18, 2025). I find no reason to deviate from these determinations and hereby reduce Dr. Natanzi's rates to be consistent with the aforementioned decisions, resulting in a reduction of **$2,917.00**.[4] All other time billed in 2024-25 at the hourly rate of $600.00 appear consistent with prior determinations and shall be awarded. *See Mazza v. Sec'y of Health & Hum. Servs.,* No. 20-1340V, 2026 WL 1552839, at *3 (Fed. Cl. Apr. 30, 2026).

Accordingly, Petitioner is entitled to final attorney's costs in the amount of **$44,020.23.**

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $67,414.50 |
| (Reduction of Fees) | ($1,127.60) |
| **Total Attorneys' Fees Awarded** | **$66,286.90** |
| | |
| Attorneys' Costs Requested | $46,937.23 |
| (Reduction of Costs) | ($2,917.00) |
| **Total Attorneys' Costs Awarded** | **$44,020.23** |
| | |
| **Total Attorneys' Fees and Costs** | **$110,307.13** |

**Accordingly, I hereby award Petitioner a lump sum in the amount of $110,307.13, representing reimbursement for Petitioners' attorneys' fees and costs, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.**

[4] This amount consists of: ($600.00 - $520.00 = $80.00 x 28.50 hours billed in 2022 = $2,280.00) + ($600.00 - $535.00 = $65.00 x 9.80 hours billed in 2023 = $637.00).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.